BUTTERBAUGH *v.* LOEW'S, INC.

(*Nashville*, December Term, 1934.)

Opinion filed January 12, 1935.

TRABUE, HUME & ARMISTEAD and REBER BOULT, all of Nashville, for appellant.

WALTER S. FAULKNER, ALLISON HUMPHREYS and WM. D. BAIRD, all of Lebanon, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

On her petition for compensation, filed November 1, 1926, petitioner was conceded to have been injured in the course of her employment, and was held, without serious controversy, to be totally and permanently disabled, and was awarded $5 a week for 550 weeks; the decree, dated July 1, 1927, containing, however, a provision expressly retaining the cause in court for the making of application for a readjustment of compensation upon a showing of a change in petitioner's condition.

February 27, 1928, defendant filed a petition seeking relief, based on the allegation that petitioner's condition

had changed for the better and that she was no longer either totally or permanently disabled. Issue was taken by answer, filed March 18, 1928. The cause was continued from time to time and not finally disposed of by the court until April 27, 1933, when a decree was handed down dismissing the aforesaid petition; the court finding that there had been no material change in the disability of petitioner, reaffirming the original award, and requiring the payment of all lapsed or defaulted weekly installments.

Defendant appeals and raises questions which require two additional facts to be stated, namely: (1) That in March, 1928, petitioner, a young woman of twenty when injured by a fall down the steps of Loew's Theatre, had married; and (2) that in October, 1928, defendant had ceased to make the weekly payments to petitioner awarded by the decree of July 1, 1927; and (3) that a petition was filed in the cause by petitioner September 12, 1930, reviewing the facts and praying for an execution in enforcement of her former decree. To this petition defendant demurred on the theory that, under subsection (3) of Code, section 6884, limiting to one year after default "proceedings to obtain judgment in case of default of employer for thirty days to pay any compensation due under any settlement or determination," the claim was barred.

On this appeal three issues are presented: (1) That the chancellor erred in refusing to give effect to this alleged bar; (2) that the marriage of petitioner automatically extinguished her right to collect the weekly award; and (3) that the finding of the chancellor that there had been no material change in the degree of disability of the petitioner was unsupported by any material evidence.

1. The limitation relied on is not applicable for two reasons. This was not a ''proceeding to obtain judgment,'' in the meaning of this statute, but a proceeding to enforce a judgment already obtained in the cause. And, in the second place, limitations upon the bringing of actions are generally treated as tolled by the pendency of litigation over the subject-matter, which was the situation here. The defendant had filed, in February, 1928, while continuing the making of the weekly payments, a petition, as authorized both by the statute (Code, section 6892), and by the reservation in the decree, presenting a contest touching this identical issue. This was pending, undisposed of, when the default occurred. No affirmative pleading by petitioner was essential and its interposition neither tolled the limitation, nor brought it into play. As above announced, this subsection is without application either to a judgment already obtained, or to a right involved in pending litigation.

2. We are cited to no authority holding, as contended, that the subsequent marriage of a female employee, single when injured, suspends, or cuts off, the payment to her of installments under a previously adjudicated award. That the Legislature saw fit to so enact with respect to a widow who remarries, and did not so enact as to a woman who had herself been the employee injured while unmarried, is significant of legislative intent in dealing with the question. However plausibly the reasons for such a restriction of her rights may be presented, the issue is one for the Legislature and not for the court, whose province is to construe, not to legislate. The test of dependency is without application where the claim is that of the injured employee.

3. Nor are we convinced that the finding of the chancellor is without any material supporting evidence. That this young woman is permanently disabled is clear on this record. Counsel for defendant rely on an expression by petitioner's physician, that she is not less than 50 per cent. incapacitated from physical labor or work. Standing alone this answer does not prove total disability. It does not fix any definite proportionate disability. But this witness had testified on the original hearing, and had then been positive that the disability was total. And immediately before giving this indefinite percentage estimate he had been asked, referring to his last examination of her, some months before, in 1932, "At that time what did you find her physical condition to be with respect to injuries and condition of her back?" And had replied, "Practically the same as heretofore." And, taking his testimony altogether, a picture is presented of a badly wrecked physique, more or less constantly wracked by pain, in "pelvic and lumbar region" and in the "cervical region, back of head and neck." We think it fairly deducible from his testimony as a whole that she was in no physical condition to do any substantial labor whatever. Moreover, the petitioner herself testified, and these were the only witnesses introduced, that there had been no material change in her condition for the better, that her suffering was practically constant, that there had not been a week since her injury when she could have performed her work, which was that of an usher and required little hard exertion. We are satisfied that there was evidence before the chancellor to support his finding.

The judgment must be affirmed.